**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30083 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00240-JLR |
| v. | |
| SANXAY XAYADETH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Sanxay Xayadeth appeals from the district court's judgement and challenges

the 94-month sentence imposed following his guilty-plea conviction for possession

of a stolen firearm, in violation of 18 U.S.C. § 922(j).  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court held a joint sentencing hearing for the instant criminal conviction and Xayadeth's violation of supervised release. At the hearing, the district court determined that an aggregate 94-month sentence was warranted, which was composed of a 57-month sentence for the criminal conviction and a consecutive low-end 37-month sentence for the supervised release violation. Without objection from Xayadeth, however, the district court elected to impose the 94-month sentence for the criminal conviction and dismiss the supervised release violation.

Xayadeth contends that the district court procedurally erred by failing to explain adequately the 37-month portion of the sentence that the court said reflected the supervised release violation. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The record reflects that the court sufficiently explained its sentencing determination. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Xayadeth next contends that his 94-month sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Xayadeth's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the relevant 18 U.S.C. § 3553(a)

16-30083

factors and the totality of the circumstances, including Xayadeth's significant criminal history.  *See Gall*, 552 U.S. at 51.

    **AFFIRMED.**